**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

JOSE ANTONIO CARILLO CRUZ,

      Petitioner,

v.                                        Case No. 2:24-cv-3028-MSN-cgc

WARDEN FCI MEMPHIS,

      Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2241 PETITION WITH PREJUDICE,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

("§ 2241 Petition") filed by Petitioner Jose Antonio Carillo Cruz.[1]  (ECF No. 2.)  Respondent

Warden filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to

Dismiss").  (ECF No. 10.)  Cruz filed a response.[2]  (ECF No. 12.)

---

[1] At the time Cruz filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").  (ECF No. 2 at PageID 1, 6.)  Cruz is currently housed at Federal Correctional Institution in Miami, Florida ("FCI Miami").  *See* Federal Bureau of Prisons, Find an Inmate (Register No. 12025-510) (last accessed March 16, 2026).  Cruz's transfer to FCI Miami does not deprive this Court of jurisdiction under §  2241's "immediate custodian" provision because, at the time Cruz filed his petition, he was confined within this district.  *See* 28 U.S.C. §§ 2241(a); 2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

[2] A response to the motion to dismiss was due twenty-eight (28) days after service of the motion.  (See ECF No. 6.)  The motion to dismiss was served on Cruz by first class mail on April

For the reasons that follow, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the § 2241 Petition for failure to state a claim to relief.

## BACKGROUND

Cruz pleaded guilty in 2018 to one count aiding and abetting possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. (*United States v. Carillo-Cruz,* No. 4:22-cr-00416-1 (S.D. Tex. May 31, 2024), ECF Cr. No. 54.) A federal district court judge in the Southern District of Texas sentenced Cruz to 58 months of imprisonment, followed by a 5-year term of supervised release. (*Id.*)

Cruz filed the instant § 2241 Petition on December 26, 2024. (ECF No. 2.) Cruz alleges that the BOP has wrongfully deemed him ineligible for First Step Act ("FSA") earned time credits. (*See id*. at PageID 6.)

The Court ordered Respondent to file a response to the § 2241 Petition. (ECF No. 6.) On April 15, 2025, Respondent filed a Motion to Dismiss the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[3] (ECF No. 10.) Respondent argues that the § 2241 Petition should be dismissed because Cruz is statutorily ineligible to earn FSA earned time credits because he is subject to a final order of removal and because Cruz failed to exhaust his administrative

---

15, 2025. (ECF No. 10 at PageID 30.) The Court will exercise its discretion, in this instance only, to consider the late-filed response.

[3] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

remedies.  (*Id*. at PageID 22.)

Respondent's motion is supported by the declaration of Robin Eads, a paralegal for the BOP's Consolidated Legal Center with access to official records for BOP inmates, including Cruz's SENTRY Report and a copy of Cruz's immigration detainer, which were also attached.[4] (ECF Nos. 10-1, 10-2, 10-3, 10-4.)  Cruz argues in his response that he does not have a final order of removal and that pursuing his administrative remedies is futile.  (ECF No. 12 at PageID 44.)

## LEGAL STANDARDS

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party.  *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6).  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  A court may, however, consider exhibits attached to the petition as well

---

[4] According to Eads' declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information."  (ECF No. 10-1 at PageID 31.)

as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

This Court is authorized to issue a writ of habeas corpus under § 2241 when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Cruz alleges that "[h]ad he received all of his First Step Act credits under law, he would be out of prison now." (ECF No. 2 at PageID 6.)

The FSA allows eligible federal prisoners to earn time credits towards pre-release custody or supervised release for successfully completing "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4). But the FSA prohibits a prisoner from earning time credits "if the prisoner is the subject of a final order of removal under any provision of the immigration laws." § 3632(d)(4)(E)(i).

The Department of Homeland Security submitted an immigration detainer for Cruz, dated February 12, 2025. (ECF No. 10-4 at PageID 38.) The detainer shows that Cruz is subject to a final order of removal. (*Id.*) Based on the plain language of § 3632(d)(4)(E)(i), Cruz is not eligible to earn FSA time credits because he is subject to a final order of removal. *See Nycklass v. Healy*, No. 4:23-CV-2166, 2024 WL 1054408, at *2 (N.D. Ohio Feb. 15, 2024) (denying § 2241 petition challenging denial of earned time credits under FSA where petitioner was subject to final order of removal).

Accordingly, Respondent's Motion to Dismiss (ECF No. 10) is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief. [5]

### APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Cruz leave to appeal *in forma pauperis*.

---

[5] Because the Court agrees with Respondent's alternative argument that the § 2241 Petition can be dismissed on the merits because Cruz is statutorily ineligible to receive FSA time credits under § 3632(d)(4)(E)(i), the Court need not resolve the exhaustion issue.

**IT IS SO ORDERED**, this 17th day of March, 2026.

s/ Mark S. Norris
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE